IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-CV-01908-CMA-SKC

STEPHEN PLATO MCRAE

    Petitioner,

v.

MICHAEL CARVAJAL, in his official capacity as the Federal Bureau of Prisons Director,
C. CARTER, in her official capacity as Warden of F.C.I. Florence,
HOLZAPFEL, Assistant Warden, in his official capacity, and
GICONI, Captain, in his official capacity,

    Respondents.

**OMNIBUS ORDER RESOLVING ALL OUTSTANDING MOTIONS
AND CLOSING CASE**

    This is a habeas-corpus action involving alleged violations of the Eighth Amendment. Petitioner, Stephen Plato McRae, is an inmate at the federal prison in Florence, Colorado ("FCI Florence"). He alleges that the prison is failing to take adequate measures to protect inmates from COVID-19. McRae is now petitioning for habeas corpus relief under 28 U.S.C. § 2241, seeking either a change in prison protocol with respect to COVID-19, early release from confinement, or transfer to a different facility. (Doc. # 1).

1

There are numerous outstanding motions in this case. This matter is before the Court on the following:

(1) Magistrate Judge Crews's Recommendation (Doc. # 47) that McRae's habeas petition be denied;

(2) McRae's Motion for Leave to File Amended Complaint (Doc. # 56);

(3) McRae's Emergency Motion for Temporary Restraining Order (Doc. # 73);

(4) McRae's Motion for Evidentiary Hearing (Doc. # 75);

(5) Defendants' Motion to Strike Motion for Temporary Restraining Order (Doc. # 77);

(6) Defendants' Motion for Extension of Time to Respond to Petitioner's Emergency Motion for Temporary Restraining Order (Doc. # 78);

(7) McRae's Motion for Extension of Time and Motion for Status Report or Hearing (Doc. # 85);

(8) McRae's Emergency Motion for Court Order (Doc. # 93)

(9) McRae's Emergency Motion for Order (Doc. # 94).

As explained in more detail below, the Court affirms and adopts the Judge Crews's Recommendation (Doc. # 47) as an order of this Court. The Court Denies the remaining motions.

## I. BACKGROUND

McRae is an inmate at FCI Florence. He claims to have a number of medical issues that put him at increased risk of severe illness due to COVID-19, including COPD, liver problems, and allergies. (Doc. # 1, pp. 1-2). McRae now alleges that FCI Florence is not doing enough to protect him from COVID-19. (Doc. # 1, pp. 1-2). Specifically, McRae argues that "FCI Florence has neither the capacity nor the ability to

comply with public health guidelines" designed to limit the spread of COVID-19. (Doc. # 1, p. 11). McRae argues that the prison's alleged failure to comply with public health guidelines violates the Eighth Amendment prohibition on cruel and unusual punishment, and he is petitioning for habeas corpus relief under 28 U.S.C. § 2241. (Doc. # 1). McRae seeks an order (1) directing FCI Florence to adopt new COVID-19 safety protocols; (2) releasing McRae from confinement; or (3) if release is not possible, an order transferring him to another facility "where appropriate preventive measures may be taken." (Doc. # 1, pp. 13-14).

This Court referred McRae's Petition to Magistrate Judge Crews, who recommends denying McRae's habeas petition. "[A] petition for writ of habeas corpus," Judge Crews observed, "is only available to challenge the fact or duration of confinement—not the conditions of confinement." (Doc. # 47, p. 2, *quoting Basri v. Barr*, 469 F. Supp.3d 1063, 1066 (D. Colo. 2020)). Judge Crews concluded that, because McRae is challenging only the conditions of confinement, and not the legality of the confinement itself, he is not entitled to habeas-corpus relief. *Id.*

After Judge Crews issued his Recommendation, McRae filed a series of motions challenging Judge Crews's conclusions, including a motion for leave to file an amended complaint (Doc. # 56), an objection to Judge Crews's Recommendation (Doc. # 60), and multiple requests for emergency relief. (Docs. ## 73, 75, 85, 93, 94). The Court now addresses those motions as well as Judge Crews's Recommendation.

3

## II. LEGAL STANDARD

### A. CONSTRUCTION OF PRO-SE PLEADINGS

Because McRae is litigating pro se, the Court will construe his pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Hall*, 935 F. 2d at 1110. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997). Pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B. STANDARD OF REVIEW – MAGISTRATE JUDGE RECOMMENDATIONS

When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). In the absence of a proper

objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### III. ANALYSIS

The Court will first address McRae's Objection to Judge Crews's Recommendation before turning to the other outstanding motions.

### A. PLAINTIFF IS NOT ENTITLED TO HABEAS RELIEF UNDER 28 U.S.C. § 2241

Judge Crews recommends denying McRae's habeas petition on the ground that McRae is not challenging the legality of his confinement. The Court agrees with Judge Crews's Recommendation.

Habeas relief is available to prisoners who allege that their confinement itself is illegal, not to those prisoners who challenge only the living conditions within the prison. *Basri v. Barr*, 469 F. Supp.3d 1063, 1066 (D. Colo. 2020); *see also* 28 U.S.C. § 2241(c)(3) (Habeas corpus review is available under 28 U.S.C. § 2241 only if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States.") and *Mesina v. Wiley*, 352 F. App'x 240, 242 (10th Cir. 2009) ("Section 2241 is inapplicable where a favorable resolution of the action would not automatically entitle the prisoner to release." (internal quotation omitted)). Nothing in McRae's habeas petition suggests that his confinement itself is illegal; rather, he devotes the entirety of his petition to challenging the living conditions within FCI Florence – namely, the prison's approach to managing the COVID-19 pandemic. The relief he seeks is, essentially, an overhaul of prison protocol related to COVID-19. Section 2241 does not

5

give the Court authority to provide such relief. Therefore, McRae's habeas petition must fail as a matter of law.

McRae, however, objects to Judge Crews's Recommendation. He argues that, even if he is not entitled to relief under Section 2241, he is nonetheless entitled to relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 399 (1971), which created a cause of action for damages against federal officers who were alleged to have violated an individual's constitutional rights. *Id.* at 397. McRae argues that this Court should "ignore the legal labels" and allow his case to proceed as a civil-rights lawsuit under *Bivens*. (Doc. # 60, p. 4). The Court declines to do so.

McRae is correct that, under the liberal pro-se pleading standards, it is appropriate to consider recasting a pro-se prisoner's habeas petition as a *Bivens* action. *Powell v. Fleming*, 27 F. App'x 970, 974 (10th Cir. 2001) ("conformance with the dictates of *Haines* requires that we consider recasting [the plaintiff's] petition as one arising under Bivens."); *see also Doe v. Reno*, 172 F.3d 62 (10th Cir. 1999) (reversing a district court's dismissal of a § 2241 petitioner's claim where the district court should have construed that claim as one arising under *Bivens*). However, McRae's petition does not allege a valid *Bivens* claim.

First, a prerequisite to any prisoner litigation, including a *Bivens* claim, is administrative exhaustion. "[T]he Prison Litigation Reform Act requires prisoners who seek to challenge prison conditions under federal law to first exhaust administrative remedies." *Bates v. Day*, 28 F. App'x 793, 794 (10th Cir. 2001); *See also* Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) ("No action shall be brought with

6

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). McRae concedes that he has not exhausted his administrative remedies. (Doc. # 1, pp. 11-12). Therefore, the PLRA prohibits him from bringing a *Bivens* action. Although McRae suggests that seeking administrative remedies would be futile, there is no futility exception to the exhaustion requirement. *Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001). Therefore, McRae's case cannot proceed.

Furthermore, even if McRae had exhausted his administrative remedies, his petition would nevertheless fail to state a valid *Bivens* claim. To state a valid *Bivens* claim, a plaintiff must show that the defendants deprived him of a right secured by the constitution or laws of the United States. *See, e.g., Brady v. Robinson*, 77 F.3d 488 (9th Cir. 1996). McRae has failed to do so.

McRae alleges that defendants violated Eighth Amendment prohibition on cruel and unusual punishment by failing to adequately protect him from the COVID-19 pandemic. (Doc. # 1, p. 7). Specifically, he contends that prison officials showed "'deliberate indifference' to the substantial risk of serious harm" posed by the virus. (Doc. # 1, p. 8). The Court is not convinced.

McRae is correct that the Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, when a prisoner alleges that prison officials have violated this duty, the prisoner must show that prison officials (1) deprived him of the minimal measure of life's necessities (the objective prong), and (2) that they did so with "deliberate indifference" to the prisoner's

well-being (the subjective prong). *Farmer*, 511 U.S. at 834. McRae has failed to allege facts sufficient to support a finding of deliberate indifference.

McRae has failed to demonstrate that defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837). While the world's understanding of COVID-19 is still evolving, there is no dispute that Defendants have known for some time that the disease poses a serious risk to certain inmates. Neither, however, is there any dispute that Defendants took steps to address those risks. McRae concedes that Defendants took steps to limit the spread of COVID-19 within FCI Florence, including issuing masks to prisoners, providing soap to prisoners, monitoring inmates and staff for symptoms of COVID-19, and isolating individuals who had been exposed to the disease. (Doc. # 21, pp. 4-8). McRae argues that these steps were not sufficient, but he has failed to show that they amount a conscious disregard of the disease's risks. Therefore, McRae has failed to state a claim for relief under the Eighth Amendment, so his claims must fail as a matter of law. F.R.C.P. 12(b)(6).

**B.     MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

McRae next requests leave to file an amended complaint that specifically includes a *Bivens* cause of action, adds former federal officials as defendants, and adds a cause of action for injunctive relief under F.R.C.P. 65. (Doc. # 56). His request is denied.

A plaintiff may amend his complaint as a matter of course within 21 days after serving it, or within 21 days after the answer is filed. F.R.C.P. 15(a)(1). After that, however, "a party may amend its pleading only with the opposing party's written consent

or the court's leave." F.R.C.P. 15(a)(2). Although the court "should freely give leave when justice so requires," the court may deny leave to amend where amendment would be futile. *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, "would be subject to dismissal for any reason." *Watson ex rel. Watson v. Beckel*, 242 F. 3d 1237, 1239-40 (10th Cir. 2001). A claim is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

McRae has failed to provide the Court with a copy of his proposed amended complaint. However, as discussed above, it is clear from his Motion for Leave to Amend and from his original habeas petition that amendment would be futile. McRae's proposed *Bivens* action would be subject to dismissal for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted; he has failed to offer any valid legal basis for adding additional defendants; and he has already requested injunctive relief. Therefore, amendment is not permitted.

## C. MOTIONS FOR EMERGENCY AND INJUNCTIVE RELIEF

Finally, McRae has filed a number of other motions, seeking a temporary restraining order (TRO), an evidentiary hearing, and other emergency relief. (Docs. ## 73, 75, 93, 94). These motions are denied.[1]

---

[1] The Court notes that these motions raise a number of collateral issues. For example, McRae attempts to assert claims for First Amendment violations and retaliatory denial of access to the prison law library. These claims were not raised in McRae's habeas petition and they are not properly before the Court. Therefore, the Court declines to address these collateral matters.

A TRO is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). To obtain a TRO, the moving party must demonstrate:

1) A substantial likelihood of success on the merits of its case;

2) That the movant would be irreparably harmed if the TRO were denied;

3) That the threatened injury to the movant outweighs the injury to the party opposing the TRO; and

4) The TRO would not be adverse to the public interest.

*Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also Kaplan v. Bank of N.Y. Mellon Trust Co.*, No. 10-cv-02802-PAB, 2010 WL 4775725, at *1 (D. Colo. 2010) (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)) (noting that the four elements apply to both preliminary injunctions and temporary restraining orders and that "the same considerations apply" to both forms of injunctive relief). As discussed above, McRae has failed to demonstrate a likelihood of success on the merits of his habeas petition or his proposed *Bivens* action. Therefore, he is not entitled to injunctive relief.

Further, the Court finds no reason to conduct a hearing in this matter. All of the issues properly raised in McRae's habeas petition have been thoroughly and

comprehensively briefed, and the Court has addressed them in this Order. An evidentiary hearing would not aid the Court in resolving any pending motions. Therefore, Plaintiff's request for a hearing is denied.

## D. OTHER OUTSTANDING MOTIONS

Based on the foregoing, all remaining motions (Docs. ## 77, 78, 85) are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS and ADOPTS the Recommendation of Magistrate Judge Crews (Doc. # 47) as an order of this Court. Plaintiff's Petition for Habeas Corpous (Doc. # 1) is DENIED. The remaining outstanding motions (Docs. ## 56, 73, 75, 77, 78, 85, 93, and 94) are DENIED. The Clerk is directed to close this case.

DATED: July 8, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge